# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID BUNDI, | Case No. 2:19-cv-02049-KJD-DJA |
| Plaintiff, | |
| v. | **ORDER** |
| ROBERT STANLEY NORTON, ET AL., | |
| Defendants. | |

This matter is before the Court on Defendants' Motion for Leave to File Counterclaim (ECF No. 7), filed on March 27, 2020. Defendants seek to assert seven counterclaims for breach of fiduciary duty, business disparagement, conversion, declaratory relief, intentional interference with prospective economic advantage or contractual relationship, misappropriation of trade secrets, abuse of process, and injunctive relief, as they did not include them in their Answer because the parties were in settlement negotiations. They represent that the settlement negotiations have broken down and they now seek to preserve their seven counterclaims in good faith. Defendants' proposed counterclaim filing is attached as ECF No. 7-1.

Plaintiff's response was due by April 10, 2020. To date, no response has been filed. Plaintiff's failure to file points and authorities in response to the motion "constitutes a consent to the granting of the motion." LR 7-2(d). Moreover, the Court finds good cause to grant the leave to amend the answer to include the proposed counterclaims. Rule 15(a)(2) of the Federal Rules of Civil Procedure, regarding the amendment of pleadings, directs that "[t]he court should freely give leave when justice so requires." The Ninth Circuit Court of Appeals has repeatedly cautioned courts in this circuit to "liberally allow a party to amend its pleading." *Sonoma Cnty. Ass'n of Ret. Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory

motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc.'" *Id*. at 1117 (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Amendment at this stage would be neither extraordinarily disruptive nor prejudicial to Plaintiff. In fact, the Court notes that the parties have failed to timely file a proposed discovery plan and scheduling order. It assumes that they informally stayed the matter while proceeding with settlement negotiations. However, given that the parties failed to file a proper motion to stay and the proposed discovery plan is well past due, the Court will order the parties to meet and confer and submit a proposed plan in compliance with Local Rule 26-1 within 10 days.

IT IS THEREFORE ORDERED that Defendants' Motion for Leave to File Counterclaim (ECF No. 7) is **granted**. Defendants shall file their proposed counterclaims included in ECF No. 7-1 in one pleading with their answer as an amended answer on the docket and serve in on Plaintiff.

IT I FURTHER ORDERED that the parties shall meet and confer and file a proposed discovery plan and scheduling order in compliance with Local Rule 26-1 within 10 days.

DATED: April 13, 2020.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE