UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID BUNDI, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT STANLEY NORTON, ET AL., <br><br> Defendants. | Case No. 2:19-cv-02049-KJD-DJA <br><br> **ORDER** |

This matter is before the Court on Plaintiff's Motion for Leave to File Supplemental Complaint (ECF No. 8), filed on April 9, 2020.  Plaintiff claims that additional actions were taken by Defendants that rise to the level of two new causes of action after the original complaint was filed, specifically, extortion and intentional infliction of emotional distress.  He also argues that the post-pleading events are sufficiently related to the issues in the original complaint and Defendant would not be prejudiced as it was given leave to file counterclaims.  Plaintiff's proposed supplemental filing is attached in ECF No. 8.

Defendants' response was due by April 23, 2020.  To date, no response has been filed. Defendants' failure to file points and authorities in response to the motion "constitutes a consent to the granting of the motion."  LR 7-2(d).  Moreover, the Court finds good cause to grant the leave to amend the complaint to include the new claim.  Rule 15(a)(2) of the Federal Rules of Civil Procedure, regarding the amendment of pleadings, directs that "[t]he court should freely give leave when justice so requires."  The Ninth Circuit Court of Appeals has repeatedly cautioned courts in this circuit to "liberally allow a party to amend its pleading."  *Sonoma Cnty. Ass'n of Ret. Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013).  "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

1  allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or
2  futility of amendment, etc.'" *Id*. at 1117 (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)).
3      Amendment at this stage would be neither extraordinarily disruptive nor prejudicial to
4  Defendants.  In fact, the Court notes that the parties have yet to file a proposed discovery plan and
5  scheduling order or engaged in discovery.
6      IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to File Supplemental
7  Complaint (ECF No. 8) is **granted**.  Plaintiff their pleading as a First Amended Complaint on the
8  docket and serve in on Defendants in accordance with LR 15-1.
9      DATED: April 24, 2020.

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE