UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID BUNDI, an individual,<br><br>  Plaintiff,<br><br>   v.<br><br>ROBERT STANLEY NORTON, an individual; IMAGINLAND, a Wyoming corporation; C-LEVEL ENTERPRISES, INC.; DOES I-X; and ROE Corporations or Business Entities I-X, inclusive,<br><br>  Defendants. | Case No. 2:19-cv-02049<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION** |

Before the Court are Defendants' Motion for Temporary Restraining Order and Preliminary Injunction (#19/21). Plaintiff does not oppose the motions. (#27).

A plaintiff seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The Ninth Circuit uses a "'sliding scale' approach to these factors, according to which 'a stronger showing of one element may offset a weaker showing of another.'" hiQ Labs, Inc. v. LinkedIn Corp., 938 F.3d 985, 992 (9th Cir. 2019) (quoting Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011)).

Because Plaintiff does not oppose the motion, the Court provides only a brief analysis of the Winter factors. Defendants allege that they will suffer irreparable harm in the absence of a preliminary injunction because Plaintiff has access to private company information and its use could force the company out of business. "The threat of being driven out of business is sufficient

to establish irreparable harm." LinkedIn, 938 F.3d at 993. When balancing the equities "the district court has a duty to balance the interests of all parties and weigh the damage to each." Stormans, Inc. v. Selecky, 586 F.3d 1109, 1138 (9th Cir. 2009). If the injunction is granted, Plaintiff will lose access to work product and information. Defendants could lose funding, potential customers, and goodwill in the industry if Plaintiff uses the information contrary to Defendants' wishes. The balance of equities tips in favor of Defendants as Plaintiff will lose access to something that might not be his, but Defendants could lose their entire business.

To determine the public interest impact, the district court must "consider whether there exists some critical public interest that would be injured by the grant of preliminary relief." Cottrell, 632 F.3d at 1138. The Court is unaware of a public interest that would be harmed by protecting a business during litigation. The Winter factors weigh in favor of a preliminary injunction.[1]

Accordingly, the Court herby **GRANTS** Defendants' Motion (#21) and enters the following Preliminary Injunction against Plaintiff:

Plaintiff David Bundi, his agents and any person or entity acting in concert or participation with him, is hereby:

a. enjoined from continued possession and any use of ImaginLand accounts and intellectual property including, but not limited to the company's: (a) Docusign; (b) DropBox; (c) Upwork; (d) Bank of America account; (e) ImaginLand's LinkedIn profile; and (f) ImaginLand's Pinterest profile, trade secrets, and copyrights;

b. enjoined from asserting any claim of ownership or copyright privileges over any

---

[1] The Court is not required to analyze the likelihood of success on the merits due to the "sliding scale" approach used in this Circuit. The other prongs weighing in favor of the injunction, in addition to Plaintiff's non-opposition to the motion, are sufficient to grant the injunction.

- 2 -

videos and proprietary information related to or developed for ImaginLand—irrespective of the individual(s) responsible for the development of the proprietary information—for use in the company's business operations;

c. mandated to disclose and provide to ImaginLand the passwords and access information to the above listed accounts and intellectual property regarding the company and cooperate in returning control of the accounts to Defendants to allow for ImaginLand to use in its business operations; and

d. mandated to withdraw any and all copyright violations or notices he lodged with Vimeo, YouTube, GoDaddy, or any other online services vendor and related to in any way the ImaginLand business and concept regarding ImaginLand proprietary information.

This preliminary injunction shall remain in effect until this matter proceeds to trial.

IT IS FURTHER ORDERED that Defendants' Motion for Temporary Restraining Order (#19) is **DENIED** as moot.

Dated this 28th day of September, 2020.

_____
Kent J. Dawson
United States District Judge