UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID BUNDI, an individual,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT STANLEY NORTON, an individual; IMAGINLAND, a Wyoming corporation; C-LEVEL ENTERPRISES, INC.; DOES I-X; and ROE Corporations or Business Entities I-X, inclusive,<br><br>　　　　　　　　　　　　Defendants. | Case No. 2:19-cv-02049-KJD-DJA<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Before the Court is Plaintiff's Motion for Partial Summary Judgment on Cause of Extortion (#18). Defendant Robert Norton responded in opposition (#24) to which Plaintiff replied (#25).

　　I.　　Procedural and Factual Background

This case arises out of a business dispute between former partners. (#18, at 4). Plaintiff David Bundi ("Bundi") started a company called Imaginland, which sought to provide 24-hour childcare that emphasized emotional and intellectual education. Id. at 3. Bundi initially solicited help from UpWork, a workshare website, to create the company and produce instructional and marketing materials. Id. That is where Bundi met Defendant Robert Norton ("Norton"). Id. According to the website, Norton had business experience and Bundi gave him work through the site. Id. After working together, Norton and Bundi decided to abandon UpWork and work more closely together. Id. at 4. Eventually, the relationship grew sour and Bundi left the company. Id. Bundi claims that Norton executed a strategic plan from the beginning to take over the company and reap the benefits that Bundi had sown. Id. Bundi then filed this action in state court, bringing claims of breach of fiduciary duty, fraud, and declaratory judgment. (#1-1, at 6–10). Defendants

removed the action to this Court. (#1).

After filing the suit, Norton sent Bundi two threatening emails, encouraging him to do as he said, or he would bring criminal charges against Bundi. (#13, at 11). One of the emails laid out the criminal actions that Norton would pursue against Bundi, which included bank fraud, grand theft of real and intellectual property, and embezzlement, among others. Id. In the other, Norton reminded Bundi that Kenya has extradition with the United States, just in case Bundi decided to flee the country to avoid Norton's impending criminal actions against him. Id. Norton sent a similar email to Bundi's counsel, threatening to file a complaint with the Nevada State Bar if he continued to help his client commit what Norton considered to be crimes. Id. at 13. Bundi then filed a supplemental complaint that added two claims against Norton to address the emails: first, extortion; and second, intentional infliction of emotional distress. (#13, at 11–15). Bundi seeks summary judgment regarding only his extortion claim. Norton's response does not allege that there are any genuine issues of material fact.

II.     Legal Standard

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See FED. R. CIV. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

All justifiable inferences must be viewed in the light most favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). "Where evidence is genuinely disputed on a particular issue—such as by conflicting testimony—that 'issue is

1  inappropriate for resolution on summary judgment.'" Zetwick v. Cnty. of Yolo, 850 F.3d 436,
2  441 (9th Cir. 2017) (quoting Direct Techs., LLC v. Elec. Arts, Inc., 836 F.3d 1059, 1067 (9th
3  Cir. 2016)).

    III.   Analysis

The Court is unaware of a civil cause of action for extortion. Bundi cites to Cort v. Ash to support his claim that Nevada's criminal extortion statute creates a private civil right of action. 422 U.S. 66 (1975). Cort sets out a test to determine when a federal statute provides a private right of action. It provides four factors to consider, that Bundi cites. First, "is the plaintiff one of the class for whose especial benefit the statute was enacted." Id. at 78. Second, "is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one?" Id. Third, "is it consistent with the underlying purpose of the legislative scheme to imply such a remedy for the plaintiff?" Id. Fourth, "is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?" Id.

Cort addresses whether a federal statute implies a private right to damages. The issue in this case is whether a state statute implies a private, civil cause of action. Bundi castigates Norton for citing only non-binding, unpublished cases that hold there is no private cause of action for civil extortion in Nevada, while ignoring the binding test laid out by the Court. However, that case is not binding in the instant matter. The Cort opinion analyzes whether a *federal* criminal statute implies a *federal* private civil right of action. See Cort, 422 U.S. at 82 (discussing when federal private causes of action were implied and finding that there is no legislative history suggesting an intent to vest "a federal right to damages."); see also Varjabedian v. Emulex Corp., 888 F.3d 399, 409 (9th Cir. 2018) ("The test for determining whether a federal statute creates an implied right of action was set forth in Cort v. Ash."). Bundi's claim is about a *state* statute creating a *state* private right of action. As such, Bundi cites to non-binding authority in the same way Norton does. The Court agrees with Norton that there is no civil extortion remedy available under Nevada law[1] and denies Bundi's motion for partial

---

[1] See Williamson v. Gunvalson, 2015 WL 3948822, at *14 (D. Nev. June 25, 2015) ("the extortion statute in

summary judgment.

Even if the Court were to apply the Cort analysis, Bundi's claim would fail. First, the criminal statute was intended to protect all Nevada citizens from extortion. Bundi does not fall into a class whose "especial benefit" the state legislature intended to protect. Second, Bundi cannot point the Court to any legislative history that intends to create a private remedy. The extortion statute is listed in the "Crimes and Punishment" section of the code, which does not govern civil causes of action. Bundi makes a policy argument that relying on the executive branch to prosecute these crimes results in backlog and courts should have power to sanction litigants by granting civil extortion claims. However, he cites to no law or evidence to support his theory. Third, extending a private right of action would not be consistent with the underlying purpose of the legislative scheme. Doing so would seem to create a private cause of action for all criminal statutes. Bundi has not provided any indication that the Nevada legislature intends for such an extension. Finally, the fourth element is irrelevant in this case. In Cort it is used to determine whether an implied cause of action exists based solely on the federal statute or if it was an area of law typically governed by state law. Bundi's case involves only state law and as such, this factor does not apply. For the reasons stated above, the Court denies Bundi's motion for summary judgment.

While summary judgment is improper, the Court agrees with Bundi that Norton's behavior has been unprofessional. This is not a criminal action and the Court will not analyze the state criminal statute or issue an advisory opinion regarding whether Norton's actions constitute extortion. However, the Court advises the parties to limit themselves to communication through their counsel only.

In his response to Bundi's motion, Norton seeks to recover the attorneys' fees, costs, and expenses incurred in responding. Norton's counsel sent Bundi's counsel a letter, advising him that the civil extortion claim was baseless, and if he did not withdraw the motion, they would seek attorneys' fees. Bundi's counsel acknowledged their concern but did not withdraw the motion. While the Court agrees that a private right of action for civil extortion does not exist in

---

Nevada does not provide a civil remedy."); see also Topolewski v. Blyschack, 2018 WL 1245504, *7 (D. Nev. Mar. 8, 2018) ("The civil-extortion claim is not recognized as a cause of action in Nevada.").

Nevada, the Court denies Norton's request for attorneys' fees. The appropriate statute states that a court "shall require the attorney personally to pay the additional costs" when an attorney has filed an action that is "not well-grounded in fact or is not warranted by existing law or by an argument for changing existing law that is made in good faith." NEV. REV. STAT. § 7.085 (2003). While Bundi's argument was unpersuasive, it is well-grounded in fact and appears to be a good-faith attempt to assert a private right of action, i.e., change existing law. The Court is unaware of any Nevada Supreme Court precedent that makes it clear that civil extortion is unavailable as a private cause of action. This order, as well as Norton's response, relies on unpublished rulings in the district court that interpret Nevada law. As such, the Court cannot find that Bundi, or his counsel, brought this claim in bad faith and Norton's request for attorneys' fees is denied.

IV.     Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Partial Summary Judgment (#18) is **DENIED**.

Dated this 12th day of January, 2021.

_____
Kent J. Dawson
United States District Judge